3. In considering whether an officer at the moment of an arrest without warrant had reasonable ground for believing that a crime had been committed so as to justify an incidental search of defendant's person, only facts within the officer's knowledge and obtained without violation of the suspect's rights under the Fourth and Fourteenth Amendments to the United States Constitution may be considered.

Judgment affirmed.

O'Neill, Herbert and Schneider, JJ., concur.

Taft, C. J., Zimmerman and Matthias, JJ., dissent.

38725. The State of Ohio, appellant v. Brantley, appellee. 

Taft, Chief Justice.

Where a statute provides that one who violates it shall be punished as for a misdemeanor "for a first offense" and punished as for a felony "for each subsequent offense," a second violation of that statute may be punished as a "subsequent offense" thereunder if the offender has been convicted of a previous violation of that statute before his indictment for the second violation thereof although the second violation occurred prior to his conviction of the previous violation. (Paragraph two of the syllabus of *Carey* v. *State*, 70 OhioSt. 121, distinguished.)

Judgment reversed.

Zimmerman, Matthias, O'Neill, Herbert, Schneider and Brown, JJ., concur.

38734. Porter, appellant v. City of Oberlin et al., appellees. Taft, Chief Justice.

1. In the absence of some charter limitation or some conflicting legislation, a municipal ordinance may validly prohibit an owner, in the sale or rental of real estate located in such municipality or in the terms, conditions or privileges of such sale or rental, from discriminating against another purely because of race, creed or color.

2. Legislation must apply alike to all persons within a class, and reasonable

Announced Wednesday, March 10.

grounds must exist for making a distinction between those within and those without a designated class. Within the limits of these restrictive rules, a legislative body has a wide measure of discretion.

3. Equal protection provisions of the federal and Ohio Constitutions do not require resort to close distinctions or the maintenance of a precise scientific uniformity.

4. Where a legislative body chooses to act to correct a given evil, it need not correct all the evil at once but may proceed step by step.

Judgment accordingly.

Zimmerman, Matthias, O'Neill and Guernsey, JJ., concur.

Herbert, J., concurs in part.

Schneider, J., concurs in the judgment.

Guernsey, J., of the Third Appellate District, sitting by designation in the place and stead of Brown, J.